IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MINDA R. ROLLER,**

    **Plaintiff,**

                                                                                                  **Case No. 2:17-cv-241**

    **v.**                                                                    **Magistrate Judge Elizabeth P. Deavers**

**MEGAN J. BRENNAN,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion to Dismiss (ECF No. 19), Plaintiff's Response in Opposition (ECF No. 23), and Defendants' Reply (ECF No. 27.) For the reasons that follow, Defendants' Motion to Dismiss is **GRANTED**.

**I.**

Plaintiff, an employee of the United States Postal Service ("USPS"), brings her claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq*.; the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601 *et seq*.; Ohio Revised Code § 4112 *et seq*.; and, Ohio common law and public policy tort. (ECF No. 1.) Plaintiff asserts that throughout her employment she has been subject to ongoing discrimination and retaliation based on sex, her filing of a complaint with the Equal Employment Opportunity Commission ("EEOC") and her use of FMLA leave. (*Id*. at 7.) In their Motion to Dismiss, Defendants argue that Plaintiff's various claims fail to meet the federal pleading standard, are time-barred, or are unavailable due to federal preemption of Ohio statutory and common law remedies. (ECF No. 19.)

**II.**

Plaintiff has worked for USPS since 1996. (Compl., ECF No. 1, at ¶ 10.) In her Complaint, Plaintiff alleges that as early as 2003, she "was subjected to verbal abuse and harassing conduct" from her supervisor Daniel Wallace. (*Id*. at ¶¶ 12-14.) Plaintiff claims that the problems increased in 2014 and that since then, she "has been subjected to ongoing discriminatory harassment, a hostile work environment based on sex, and retaliation" based on her filings with the Equal Employment Opportunity Commission ("EEOC") and her use of leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. (*Id*. at ¶¶ 11, 17.) Plaintiff maintains that Supervisor Wallace "belittled" her by "questioning her use of FMLA sick leave, subjecting [her] to constant scrutiny and criticism of her work ethic, and singling [her] out in workplace communication regarding 'Zero Tolerance' policies against bullying and harassment." (*Id*. at ¶ 18.) Plaintiff asserts that "on several occasions in 2015," she was harassed regarding her FMLA leave use, but does not specify any dates on which she was allegedly harassed. (*Id*. at ¶ 19.) Plaintiff also alleges that "[i]n or about 2014, Defendants attempted to prevent [her] promotion to a mechanic promotion for the stated reason that her use of FMLA would restrict her from the promotion." (*Id*. at ¶ 49.) Plaintiff, however, "was eventually promoted" after her union filed grievances. (*Id*. at ¶ 50.) Plaintiff claims that she was retaliated against for filing an EEOC claim about "being made the subject of disciplinary actions that did not have any factual basis, having her approved sick leave absences changed to leave without pay, and other abusive conduct." (*Id*. at ¶ 21.)

Plaintiff filed two formal actions with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination. Plaintiff formally filed Case No. 1C-451-0044-14 on July 3, 2014 ("the 2014 EEO claim") after initially contacting the EEOC on April 25, 2014. In the 2014

EEO claim, Plaintiff asserted retaliation and discrimination based upon sex because, on April 14, 2014, she was charged FMLA leave without pay instead of paid FMLA sick leave. (Def's Mot. to Dismiss, Aug. 23, 2016, EEOC Order at p. 3, ECF No. 19-1.) After an investigation, the agency filed a motion for a decision without a hearing, which the Administrative Judge granted in an Order dated August 23, 2016. (*Id*.) The agency issued a Notice of Final Action in the 2014 EEO claim on September 22, 2016, implementing the Administrative Judge's decision. (Notice of Final Action, ECF No. 19-2.)

While the 2014 EEO claim was pending, Plaintiff filed a formal complaint on September 25, 2015 ("the 2015 EEO claim"). (Feb. 1, 2016, Final Agency Decision at p. 1, ECF No. 19-3.) In this complaint, Plaintiff asserted claims for retaliation and discrimination based upon sex stemming from a seven-day suspension issued to Plaintiff on July 28, 2015. (*Id*.) The EEOC issued final agency decision on February 1, 2016, finding no discrimination. (*Id*.) The decision specifically informed Plaintiff of her right to appeal the decision to by either appealing to the Director of the EEOC's Office of Federal Operations within 30 days, or by initiating a civil action against the Postmaster General within 90 days of the final decision. (*Id*. at p. 13.)

Plaintiff filed a lawsuit on March 25, 2016, *Roller v. Brennan*, Case No. 2:16-cv-257 (S.D. Ohio). The docket of that case reflects that Plaintiff but did not effect proper service upon USPS. On July 11, 2016, the Court issued an Order to Show Cause. On or about July 22, 2016, Plaintiff's counsel mailed a copy of the Complaint to Supervisor Wallace at the workplace by certified and first class mail with a request that the Agency waive formal service under Fed. R. Civ. P. 4(i). On July 25, 2016, Plaintiff's counsel filed a response to the Order to Show Cause indicating that he attempted to serve all parties by certified mail with waivers of service on July 22, 2016. Plaintiff requested an extension of time to perfect service. The next day, the Court

issued an Order advising that waivers of service do not apply to the United States and granting Plaintiff 14 days to properly effect service or the complaint would be dismissed. On August 9, 2016, Plaintiff again moved for extension of time to effect service. The Court ultimately dismissed the case without prejudice for failure to perfect service and entered judgment on September 16, 2016.

Plaintiff commended the instant lawsuit on March 23, 2017. Plaintiff again initially failed to effect proper service upon USPS. After several failed attempts and numerous extensions, Plaintiff finally perfected service on USPS nearly a year later, on February 1, 2018. (ECF No. 18.) Plaintiff's asserts claims for gender discrimination, retaliation, and a "public policy tort" under Ohio law, a claim for "intentional and/or negligent infliction of emotional distress," a claim for violations of the FMLA, and claims for hostile work environment and Title VII violations against Defendants the Postmaster General and Supervisor Wallace. She seeks compensatory and punitive damages and attorney fees.

**III.**

Defendants have moved, pursuant to Federal Rule of Civil Procedure 12 (b)(1), to dismiss Claims Four, Six and Seven for lack of subject matter jurisdiction. "When the defendant challenges the existence of subject-matter jurisdiction, the plaintiff bears the burden of establishing that jurisdiction exists." *Lewis v. Whirlpool Corp.,* 630 F.3d 484, 487 (6th Cir. 2011) (citing *Nichols v. Muskingum Coll.,* 318 F.3d 674, 677 (6th Cir. 2003)). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir .2004).

Defendants also move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Claims One, Two, Three and Five for failure to state a claim. To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio*

5

*Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc.*, 491 F. App'x. 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

## IV.

### A. Plaintiff's FMLA Claims

#### 1. Retaliation Claim

Plaintiff brings FMLA claims alleging both interference and retaliation by Defendant. Plaintiff alleges that Defendant violated her FMLA rights by "attempt[ing] to prevent [Plaintiff's] promotion . . . for the stated reason that her use of FMLA would restrict her from the promotion" and by "retaliating against her, by subjecting her to baseless disciplinary actions, improperly requesting personal health information, improperly communicating to third parties . . . protected health information, and otherwise engaging in hostile actions toward [Plaintiff] in violation of the FMLA." (Complaint, ECF No. 1 at 7.)

In their Motion to Dismiss, Defendants argue that Plaintiff's FMLA claims are both insufficiently pled and time barred and, thus, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9 at 8-13.)

The FMLA prohibits both interference with an employee's use of her FMLA rights and retaliation for her use of those rights. 29 U.S.C. § 2615(a). Where Plaintiff has received all the

FMLA leave to which she was entitled, she may only state a claim for retaliation. *Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274, 282-283 (6th Cir. 2012.) The FMLA makes it unlawful for an employer to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]." 29 U.S.C. § 2615(a)(2). An employer "'cannot use an employee's taking of FMLA leave as a negative factor in employment actions.'" *Arban v. West Pub. Corp.*, 345 F.3d 390, 403 (6th Cir. 2003) (quoting 29 C.F.R. § 825.220(c)). In order to state a claim for retaliation under the FMLA, Plaintiff must allege that she "(1) engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the adverse employment action and the protected activity." *Denton v. Fairfield Med. Ctr.*, No. 2:11-CV-0716, 2012 WL 2409224, at *3 (S.D. Ohio June 26, 2012) (citations omitted).

Defendants argue that Plaintiff's Complaint fails to plead the required elements of a retaliation claim and that, in general, her Complaint, is conclusory. (ECF No. 19 at 8-10.) Defendants' arguments are well-taken. Although Plaintiff's Complaint is almost entirely couched in broad, conclusory language, with respect to her FMLA claims, it falls particularly short in alleging an adverse employment action. In her Complaint, Plaintiff alleges that Defendants retaliated for her use of FMLA leave by "attempt[ing] to prevent [her] promotion . . . for the stated reason that her use of FMLA would restrict her from [it]" and "retaliating against her, by subjecting her to baseless disciplinary actions, improperly requesting personal health information, improperly communicating to third parties [her] protected health information, and otherwise engaging in hostile actions toward [her] in violation of the FMLA."[1] (ECF No. 1 at 7.)

---

[1] In her Complaint, Plaintiff does not allege interference with her use of FMLA leave and concedes that she was able to take all of the leave to which she was entitled. (ECF No. 1 at 6-7.)

Plaintiff claims that Defendants attempted to prevent her promotion, but she concedes that she was, indeed, promoted. (*Id.*) Plaintiff also alleges serial wrongs, including unwarranted disciplinary actions, requests for health information, improper third-party conversations, and other unnamed "hostile actions." (*Id.*) Plaintiff's allegations, however, fail to provide any additional factual matter, including but not limited to the nature of the alleged disciplinary actions, the kind of health information requested and its alleged purpose, or the identity of the third-parties or content of information disclosed. Similarly, Plaintiffs allegations of "hostile actions" are bare recitations of her claim's elements and conclusory assertions of Defendants' state of mind. Plaintiff's allegations are bereft of the "factual enhancements" that would allow the Court to draw an inference of plausibility from her pleading. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Furthermore, Plaintiff's allegations fail to give Defendants adequate notice of the grounds of her claims, which is, of course, the primary purpose of a complaint. *Twombly, 550 U.S. at 545* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Court, therefore, finds that Plaintiff has failed to plead an adverse employment action as required for a FMLA retaliation claim. *Dention*, 2012 WL 2409224, at *3.

**2. Statute of Limitations**

Even had Plaintiff adequately pleaded her FMLA claims, they would be time-barred. Generally, the statute of limitations for bringing a FMLA claim is two years. 29 U.S.C. § 2617(c). If an employer commits a willful violation of FMLA, however, the statute of limitations is extended to three years. *Id*. To plead willfulness, Plaintiff must plausibly allege that Defendants "act[ed] with knowledge that [their] conduct is prohibited by the FMLA or with reckless disregard of the FMLA's requirements." *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004). Furthermore, since *Iqbal* and *Twombly*, a plaintiff must do more than make conclusory

assertions and bare recitations of a claim's elements and defendants' state of mind. *Iqbal*, 556 U.S. at 678; *Katoula v. Detroit Entm't, LLC*, 557 F. App'x 496, 498 (6th Cir. 2014.).

The Court finds that Plaintiff failed to plead a willful act that would extend the statute of limitations for her claims from two years to three. As explained above, Plaintiff failed to allege any plausible adverse personnel action. The only factually sufficient allegation of a willful act in Plaintiff's complaint is the alleged 2014 attempt to prevent her promotion, an act that, even if true, resulted in no cognizable injury. The remainder of Plaintiff's factual allegations are conclusory statements and recitals of the elements of her claim. Plaintiff simply has not pleaded any facts that would support a plausible inference of any wrongdoing or Defendants' liability for any alleged injury. The Court finds, therefore, that the two-year statute of limitations applies to Plaintiff's FMLA retaliation claims.

A review of the case's timeline indicates that Plaintiff failed to timely file her FMLA claims in this Court. In her Complaint, Plaintiff alleges that Defendants retaliation occurred "[i]n or about 2014" when Defendants allegedly attempted to prevent her eventual promotion. (ECF No. 1 at 7.) Although elsewhere in her Complaint Plaintiff alleges "a hostile work environment toward [her], improper consideration of [her] use of FMLA leave as a negative factor with respect to employment actions, failure to provide the necessary paperwork to [her], and retaliatory disciplinary actions" on "several occasions" in 2015, these allegations merely recite another string of conclusory allegations of wrongdoing and do not permit the Court to plausibly infer that Defendants committed statute-triggering acts in 2015. (ECF No. 1 at 3.) In short, Plaintiff fails to plead any cognizable act since 2014, and even that lone alleged attempt to prevent Plaintiff's promotion resulted in no cognizable injury. At the very latest, then, the statue of limitations for Plaintiff's FMLA claims expired sometime in 2016.

The Court finds, therefore, that Plaintiff's FMLA claims are both insufficiently pled and time-barred. Accordingly, Plaintiff's Fourth Claim fails to state a claim on which relief may be granted.

**B. Title VII Claims**

Defendants argue, and the Court agrees, that Plaintiff's Title VII claims are time-barred. "The right to bring an action under Title VII regarding equal employment [opportunity] in the federal government is predicated upon the timely exhaustion of administrative remedies, as set forth in [the EEOC regulations]." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009) (alterations in original) (quoting *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991)). For a federal employee to exhaust her administrative remedies, she must: consult with an EEO counselor within forty-five days of the underlying discriminatory incident, 29 C.F.R. § 1614.105(a)(1); file a complaint of discrimination with the allegedly discriminatory agency, 29 C.F.R. § 1614.106(a); and receive a final agency decision, 29 C.F.R. § 1614.110(a). *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008). After the employee receives the final agency decision, she may either file a discretionary appeal to the EEOC, 29 C.F.R. § 1614.401(a), within thirty days, 29 C.F.R. § 1614.402(a), or file suit in federal court within ninety days, 29 C.F.R. § 1614.407(a). *Lockett*, 259 F. App'x at 786. If the employee chooses to file the administrative appeal, he must file a federal civil action within ninety days of receiving the appellate decision. 29 C.F.R. § 1614.407(c).

Plaintiff filed her initial administrative complaints on September 25, 2015, following a July 2015 incident of alleged discrimination, and on March 25, 2016, following an alleged

violation of the FMLA.[2]  (ECF Nos. 19-1 at 3 & 19-3 at 1.)  On February 1, 2016, the agency issued its final decision finding no discrimination in the 2015 incident.  (ECF No. 19-3 at 12-13.)  On August 23, 2016, the EEOC Administrative Judge issued her opinion dismissing Plaintiff's allegations related to her use of FMLA leave and the postal service gave her notice of final agency action on September 22, 2016.  (ECF Nos. 19-1 at 1-8 & 19-2.)

Plaintiff elected not to pursue an administrative appeal of the 2015 discrimination case and filed her initial Complaint in this Court on March 25, 2016.  *Roller v. Brennan*, No. 2:16-cv-257 (Mar. 25, 2016 S.D. Ohio).  After granting Plaintiff two extensions of time, the Court dismissed Plaintiff's claims without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely effect service of process and entered judgment on September 16, 2016.  *Id.*  Plaintiff then filed the instant action on March 25, 2017.  (ECF No. 1.)

Whether Plaintiff's initial case was or was not timely does not alter the controlling fact that she brought the instant lawsuit more than thirteen months after receiving the final agency decision of her 2015 complaint and six months after receiving the final agency decision of her 2016 complaint, well outside the ninety-day window permitted in Title VII cases.  29 C.F.R. § 1614.407(a).  *Lockett*, 259 F. App'x at 786.  "It is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending."  *Bomer v. Ribicoff*, 304

---

[2] The Court notes that, in her Complaint, Plaintiff did not plead any of the facts underlying these two EEO cases.  In addition to her failure to plead any plausible set of facts in this forum, it is also questionable whether Plaintiff's Complaint complies with Title VII's requirement to exhaust all administrative remedies insofar as her federal court claims do not clearly arise from the facts described in her EEO complaints.  As Defendants have not raised this issue, the Court declines to so find.

11

F.2d 427 (6th Cir.1962). Notably, "the filing of a complaint which is later dismissed without prejudice does not toll the [90-day] statutory filing period of Title VII." *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987); *see Fambrough-McCoy v. White Castle Sys., Inc.*, No. 1:17-CV-00019, 2017 WL 3085685, at *2 (S.D. Ohio July 20, 2017) ("*Wilson* remains good law in the Sixth Circuit.").

The Court finds, therefore, that Plaintiff's Title VII claims are time-barred. Accordingly, Plaintiff's Sixth and Seventh Claims fail to state a claim on which relief may be granted.

## C. Plaintiff's State-Law Claims

Defendants argue that Plaintiff's state-law claims are either not well-pled or preempted by Title VII. The Court agrees.

### 1. Ohio Discrimination Statutes

Plaintiff advances claims of gender discrimination and retaliation for reporting discriminatory acts pursuant to Ohio Revised Code 4112.02(A). (ECF No. 1 at 4-8.) Title VII, however, is Plaintiff's only recourse for discrimination in the federal workplace. *Brown v. General Services Admin.*, 425 U.S. 820, 835 (1976); *Walker v. Henderson*, 4 F. App'x 248, 249 (6th Cir. 2001) (finding postal employee's "exclusive remedy" for workplace discrimination "lies in the provisions of Title VII"). The Sixth Circuit has long held that Title VII preempts Ohio's analogous discrimination statutes, including O.R.C. § 4112. *Davis v. Runyon*, 142 F.3d 433 (Table), 1998 WL 96558, at *5 (6th Cir. 1998); *Heimberger v. Pritzker*, No. 2:12-cv-1064, 2014 WL 1050341, at *9 (Mar. 17, 2014) (citing *Davis*). Accordingly, the Court lacks subject matter over Plaintiff's First and Third Claims.

**2. Intentional and/or Negligent Infliction of Emotional Distress**

Plaintiff also advances claims of intentional and negligent infliction of emotional distress under Ohio common law. (ECF No. 1 at 5.) Although most likely preempted,[3] in all events, Plaintiff has failed to state a claim in this regard. In order to survive a motion to dismiss, Plaintiff must plead a "highly personal violation that goes beyond discrimination." *Wallace v. Henderson*, 138 F. Supp. 2d 980, 984 (S.D. Ohio 2000) (internal quotes and citations omitted).

Plaintiff's claim alleges discriminatory harassment and a hostile work environment based on sex, retaliation for filing an EEO complaint and exercise of FMLA leave, verbal abuse and harassment, disparate treatment based on sex, unwarranted scrutiny, disclosure of private health information, belittling in front of coworkers, criticism of her work ethic, singling Plaintiff out in communicating policies against bullying and harassment, intrusion on Plaintiff's privacy. (ECF No. 1 at 3.)

Plaintiff's specific allegations in support of her Second Claim for intentional and negligent infliction of emotional distress do not add any factual support for these assertions. (*Id.* at 5-6.) Moreover, Plaintiff makes conclusory statements regarding Defendants state of mind, calling their conduct "willful, malicious, spiteful, with ill will, and/or a reckless disregard for [Plaintiff's] rights." (*Id.* at 6.)

---

[3] Title VII is "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. General Servs. Admin.,* 425 U.S. 820, 829, (1976). Since *Brown*, courts have grappled with the limits of Title VII's preclusive effect, particularly with regard to claims of intentional infliction of emotional distress. *See, e.g., Wallace*, 138 F. Supp. 2d at 986 (allowing claim for a "highly personal injury" that went beyond discrimination and retaliation); *Roland v. Potter*, 366 F. Supp. 2d 1233, 1235-36 (S.D. Ga. 2005) (examining cases and holding that intentional infliction of emotional distress claim was "wholly derivative" of the conduct underlying Title VII).

As with Plaintiff's FMLA and Title VII allegations, Plaintiff's claims simply lack any factual substance that would allow the Court to infer any wrongdoing on the part of Defendants. Plaintiff has described no actual act, event, or interaction that would lend plausibility to her claims. For instance, alleging "unwarranted scrutiny" without at least describing the alleged scrutinizing act is not enough to lend even an air of plausibility to Plaintiff's bare-bones allegations. (*Id*. at 3.) Similarly, calling Defendants acts "willful" or "malicious" without describing those acts or any attendant circumstances is not enough to plead state of mind. "[A]lthough conditions of a person's mind may be alleged generally, the plaintiff still must plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation plausible on its face." *Katoula*, 557 F. App'x at 498 (internal quotes omitted). *Twombly* and *Iqbal* require more than the "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" Plaintiff has offered. *Iqbal*, 556 U.S. at 663.

The Court finds, therefore, that Plaintiff's Second Claim fails to state a claim on which relief may be granted.

### 3. Ohio Public Policy Tort

Last, Plaintiff asserts violations of Ohio public policy tort based on Defendants' alleged "retaliatory" conduct "motivated in part by [Plaintiff's] gender, and her complaints of sexual harassment and discrimination." (ECF No. 1 at 7.) According to Plaintiff, she has been "constructively discharged from her employment." (*Id*.) Plaintiff bases her claim in Ohio Revised Code Chapter 4112, which prohibits gender-based discrimination. (*Id*.) Defendants argue that Plaintiff's claims should be dismissed for lack of jurisdiction because Title VII represents federal employees' sole remedy for gender-based discrimination and retaliation. (ECF No. 19 at 15.)

Defendants' arguments are well-taken. As discussed above, Title VII is Plaintiff's only remedy for employment discrimination in the federal workplace. *Brown*, 425 U.S. at 835; *Walker*, 4 F. App'x at 249; *Wallace*, 138 F.Supp.2d at 983-984. Moreover, the federal courts have held that, in both federal and private employment, Ohio public policy tort for employment discrimination, retaliation, or constructive discharge is unavailable due to the comprehensive remedies provided by Title VII. *Lyons v. Donahoe*, No. 3:14-cv-21-WHR, 2016 WL 1070856, at *7 (Mar. 16, 2016 S.D. Ohio); *Stange v. Deloitte & Touche*, No. 2:05-CV-590, 2006 WL 871242, at *5 (S.D. Ohio Apr. 5, 2006); *Mischer v. Erie Metro. Hous. Auth.*, 345 F. Supp. 2d 827, 832 (N.D. Ohio 2004) ("If there is an adequate statutory remedy, a court should not also entertain a claim of wrongful discharge in violation of public policy."), *aff'd sub nom. Mischer v. Erie Metro Hous. Auth.*, 168 F. App'x 709 (6th Cir. 2006). Had Plaintiff timely filed and prosecuted her action, she would now be free to avail herself of the full panoply of Title VII remedies, which include equitable relief, back pay, and compensatory damages. *Lyons*, 2016 WL 1070856, at *7. The foreclosure of this option due to Plaintiff's dilatory prosecution of her initial case does not open an otherwise unavailable remedy under state law.

The Court finds, therefore, that it lacks subject matter jurisdiction over Plaintiff's Fifth Claim for violation of Ohio Public Policy Tort.

**D. Defendant Daniel Wallace's Individual Liability**

Defendants argue that Defendant Daniel Wallace is immune, as a matter of law, from liability under both the FMLA and Title VII. The Court agrees.

"An individual employee/supervisor, who does not otherwise qualify as an 'employer' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997); *see also Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003); *Hiler v. Brown*, 177

F.3d 542, 546 (6th Cir. 1999). Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C.A. § 2000e(b). Defendant Wallace, an individual employee/supervisor, does not satisfy this definition of "employer." The Court finds, therefore, that he cannot be held individually liable on plaintiff's claim under Title VII. Similarly, the FMLA "does not impose individual liability on public agency employers." *Mitchell v. Chapman*, 343 F.3d 811, 829 (6th Cir. 2003); *Anderson v. Hamilton Cty. Bd. of Comm'rs*, No. 1:13-CV-755, 2018 WL 3364646, at *13 n. 21 (S.D. Ohio July 10, 2018) (quoting *Mitchell*). Accordingly, Plaintiff's Title VII and FMLA claims against Defendant Daniel Wallace fail to state a claim on which relief may be granted.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. (ECF No. 19.) The Clerk is **DIRECTED** to enter judgment in favor of Defendants.

**IT IS SO ORDERED**.


Date: September 17, 2018           /s/ *Elizabeth A. Preston Deavers*
                                   ELIZABETH A. PRESTON DEAVERS
                                   UNITED STATES MAGISTRATE JUDGE